IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| David Griffin, | ) | C/A No. 2:22-00863-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **O R D E R** |
| Kilolo Kijakazi, Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff David Griffin seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner of Social Security Administration denying his claim for Disability Insurance Benefits ("DIB"). The Administrative Law Judge ("ALJ") found Plaintiff had the residual functional capacity to perform light work, as modified, and that there are jobs that exist in significant numbers in the national economy Plaintiff could perform. Plaintiff contends the Administrative Law Judge failed to reconcile evidence relating to Plaintiff's ability to perform tasks and carry out instructions. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C., the matter was referred to Magistrate Judge Mary Gordon Baker. The matter is currently before the court for review of the Report and Recommendation filed by the Magistrate Judge on December 9, 2022. ECF No. 12.

The Magistrate Judge recommended the decision of the Commissioner be affirmed. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so. Neither party has responded, and the time for objections has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has

no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the court adopts and incorporates the Report by reference. For the reasons set forth therein, the decision of the Commissioner is **affirmed**.[1]

**IT IS SO ORDERED.**

Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina

January 28, 2023

---

[1] The Clerk of Court will enter a separate judgment pursuant to the Federal Rules of Civil Procedure, Rule 58.